UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICHAEL SALINAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY WANG, *M.D.* and P. JHONSON,<br><br>　　　　　Defendants. | No. 1:19-cv-00157-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. No. 25)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 26) |

　　　　This matter comes before the court upon initial review of this case that was reassigned to the undersigned. (Doc. No. 31). Plaintiff Jason Michael Salinas is proceeding *pro se* and *in forma pauperis* on his civil rights complaint for medical deliberate indifference under 42 U.S.C. § 1983. (Doc. No. 1). Pending before the court are plaintiff's motion to compel (Doc. No. 25) and motion for leave to appoint counsel (Doc. No. 26). Defendants filed an opposition to plaintiff's motion to compel, with a declaration in support. (Doc. Nos. 27, 28). For the following reasons, the court denies plaintiff's motions.

1. Motion to Compel

　　　　On September 2, 2020, plaintiff moved to compel defendants to respond to his discovery requests. (Doc. No. 25). Specifically, plaintiff seeks (1) acknowledgement that all defendants

1

objections are waived due to untimeliness; (2) defendants produce all prison complaints and grievances lodges against them by other inmates; (3) both defendants' full names, age and birthday; and (4) to sanction defendants for their untimely production. (*Id.* at 6).

Plaintiff first requests that any objections to the authenticity of his documents attached to his request for admission be waived because defendants' objections were untimely. (*Id.*). Defendants point out that while they generally objected to 71 pages of the loose-leaf materials due to plaintiff's failure to adequately identify the documents, they nonetheless admitted the documents' authenticity. Thus, this request is denied as moot.

Plaintiff next argues all records of other inmates' complaints against defendants are discoverable because they "are relevant to show a pattern or corruption and deliberate indifference." (*Id*). Under Fed. R. Civ. P. 26(b)(1), "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is discoverable. Defendants state that plaintiff was provided his complete medical record. (Doc. No. 27 at 8-9). Defendants argue they have thus satisfied Fed. R. Civ. P. 26(b)(1)'s requirement to furnish all nonprivileged, proportional materials relevant to whether defendants were deliberately indifferent to plaintiff's medical needs and disclosure of other inmates' grievances would violate HIPPA. (*Id*.). The court agrees. First, a protective order does not govern this matter. And, federal courts generally recognize a constitutionally based right to privacy that can be raised as a privilege in response to discovery requests. *See, e.g. Rogers v. Giurbinzo,* 288 F.R.D. 469, 484 (S.D.Cal.2012); *Soto v. City of Concord,* 162 F.R.D. 603, 616 (N.D.Cal.1995). Further, plaintiff's claim is for deliberate indifference against the two named defendants. He does not allege a custom, policy or practice against defendants' employer. As a general matter, third-party prisoner complaints in deliberate indifference cases are not relevant to whether a defendant was deliberately indifferent to plaintiff, and they are likely inadmissible and of limited probative value. *See Brooks v. Tate*, 2013 WL 4049058, at *2 (E.D. Cal. Aug. 7, 2013). Any "pattern" involving defendants care of others thus has no bearing on the present question: whether defendants were deliberately indifferent to plaintiff's medical needs. Because the requested discovery is not relevant to plaintiff's claim, the court will deny the motion to compel the

2

production of other inmates' grievances involving defendants.

Plaintiff next moves to compel the disclosure of defendants' full names, age and birthdays because they are "public employees" and because such information is necessary should he prevail to collect any damages. (Doc. No. 25 at 6, 16). The court recognizes defendant prison officials have a "safety interest in not having their full names made public to all prisoners." *Jackson v. Rowlett*, 2007 WL 840298, at *1 (E.D. Cal. Mar. 16, 2007). Thus, the court has specifically rejected requests from prisoners seeking a defendant prison officials full name and date of birth because it presents "legitimate safety and security concerns." *Bryant v. Gallagher*, 2013 WL 3773862, at *6 (E.D. Cal. July 17, 2013). Plaintiff fails to show why the circumstances of this case warrant the court ordering information that potentially could affect the defendants' safety, the court will deny plaintiff's motion to compel on this issue. Should plaintiff prevail in this action and defendants fail to satisfy any judgment, plaintiff may move to obtain this information in aid of execution of his judgment in the future.

Finally, plaintiff requests the court to sanction defendants for their untimely discovery production. (Doc. No. 25 at 6-7). Defendants acknowledge their discovery was late but contend it was due to unavoidable circumstances resulting from the pandemic. (Doc. No. 27 at 6, 10). Factors considered when weighing whether to sanction a party are prejudice to the opposing party, the delays impact on the proceeding's progress, and whether the untimely party had legitimate reasons for being so. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Plaintiff does not address how he was prejudiced by the delay in defendant responding to his discovery requests. (Doc. 25 at 25-26). The court has had to grant numerous extensions to numerous parties as a result of this unprecedented pandemic. The court notes that defendants both apologized to and advised plaintiff in writing why their responses were late. Absent a showing of harm from the delayed discovery, the court declines to sanction defendants for their delay in timely responding given the legitimate reason for the delay.

2. <u>Motion to Appoint Counsel</u>

On September 2, 2020, plaintiff moved for appointment of counsel. (Doc. No. 26). Plaintiff argues appointment of counsel is warranted because: (1) his claims involve medical

3

issues (2) there have been discovery disputes; and (3) the litigation process is "too adversarial and complex. (*Id.* at 1, 5).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). It is plaintiff's burden to show extraordinary circumstances warrant appointment of counsel. *Brown v. Reif*, 2020 WL 1164595, at *2 (E.D. Cal. Mar. 11, 2020).

Here, the court finds plaintiff has not met his burden to show appointment of counsel is justified. Prison litigation often involves medical claims, and an extraordinary situation cannot be demonstrated through the "vicissitudes of prison life." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). Plaintiff has thus far been capable of prosecuting his case and has not shown that the disputed medical issues are so complex as to become extraordinary. Further, this order's resolution of the parties' discovery dispute demonstrates resolution is possible without plaintiff being appointed counsel. The court finds no basis to take the extraordinary step of appointing counsel. Should this case progress and plaintiff's circumstances change, and he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Upon review of the docket, the court notes that on January 26, 2021, defendants moved for summary judgment. (Doc. No. 32). As of the date of this Order, plaintiff has not filed a response to the motion and the time for doing so has expired. Considering plaintiff's *pro se* status, the court *sua sponte* will grant plaintiff thirty (30) days from the date of receipt of this Order to file a response to the motion for summary judgment.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to compel (Doc. No. 25) is **DENIED.**
2. Plaintiff's motion to appoint counsel (Doc. No. 26) is **DENIED** without prejudice.
3. Plaintiff may file a response, if any, to defendants' summary judgment motion (Doc. No. 32) within thirty 30 days of receipt of this Order.

IT IS SO ORDERED.

Dated:   March 17, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE